IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brad Keith Sigmon, # SK-6008,<br><br>    Petitioner,<br><br>vs.<br><br>William R. Byars, Jr., *Commissioner, South Carolina Department of Corrections*;<br>Joseph McFadden, *Warden of Lieber Correctional Institution*,<br><br>    Respondents. | C/A No. 8:13-cv-01399-RBH-JDA<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on a motion for summary judgment filed by Respondents. [Doc. 60.] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

On May 23, 2013, the Court stayed Petitioner's execution and appointed Teresa L Norris, Esquire, and William H. Ehlies, Esquire, as Petitioner's counsel. [Docs. 17, 19.] On August 21, 2013, Petitioner filed his Petition, and the Court extended the stay of his execution while this habeas corpus proceeding is pending. [Docs. 42, 43.] On December 10, 2013, Respondents filed the present motion for summary judgment. [Doc. 60.]

On January 17, 2014, the Court appointed Jeffrey P. Bloom, Esquire, as Petitioner's counsel for the purpose of investigating whether, in light of *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012), Petitioner may have additional claims not previously presented that

may nevertheless be asserted under the holding in *Martinez*.[1]  [Doc. 81.]  On April 17, 2014, the Court held a hearing in this matter, and Mr. Bloom represented that he had discovered five potential claims not previously presented that may nevertheless be asserted under the holding in *Martinez*.  [*See* Doc. 106.]  Accordingly, the Court stayed the then-pending deadlines to allow the parties to brief the issue of whether the Petition should be amended.  [*Id.*]  On July 23, 2014, the Court granted Petitioner's motion to amend/correct the Petition and directed Petitioner to file his Amended Petition by August 8, 2014.  [Doc. 123.]

## DISCUSSION

A timely filed amended pleading supersedes the original pleading.  *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226

---

[1]In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  132 S.Ct. at 1315.  Thereafter, the Fourth Circuit Court of Appeals issued its decision in *Juniper v. Davis*, 737 F.3d 288 (4th Cir. 2013), and held,

> if a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, and the petitioner requests independent counsel in order to investigate and pursue claims under Martinez in a state where the petitioner may only raise ineffective assistance claims in an "initial-review collateral proceeding," qualified and independent counsel is *ethically required*.

*Id.* at 290.  In the instant case, Petitioner's initial appointed counsel, Mr. Ehlies and Ms. Norris, represented Petitioner in his state post-conviction relief ("PCR") proceedings; accordingly, the *Juniper* decision, decided after Mr. Ehlies and Ms. Norris were appointed, impacted appointment of counsel in this case.

F.3d 160, 162 (2d Cir. 2000))); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint); *McCoy v. City of Columbia*, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot); *Rowley v. City of N. Myrtle Beach*, 2009 WL 750406, at *2–3 (D.S.C. Mar. 16, 2009) (finding as moot the defendants' motion to file answer out of time and the plaintiff's motion for default judgment based on the defendants' failure to timely answer the original complaint because "[t]he original complaint was, in a sense, amended out of existence." (quoting *Thomas v. Se. Pa. Transp. Auth.*, 1989 WL 11222, at *1 (E.D. Pa. 1989))). However, "if some of the defects raised in the original motion remain in the new pleading, the court simply *may* consider the motion as being addressed to the amended

pleading[ because to] hold otherwise would be to exalt form over substance." Wright et al., *supra*, § 1476 (emphasis added).

Here, Petitioner will file an Amended Petition by August 8, 2014, to include the six grounds raised in his original Petition and the five new ineffective assistance of trial counsel grounds Mr. Bloom discovered during his independent review of the case. [*See* Doc. 123.] Additionally, the Court has filed a Second Amended Scheduling Order, establishing a briefing schedule based on the Amended Petition and including a deadline for Respondents to file an Answer or other response to the Amended Petition, along with any dispositive motions. [Doc. 125.] The undersigned has found that it is in the interest of judicial economy for the Court to address all grounds in this case at one time. [Doc. 123.] Accordingly, the undersigned recommends finding as moot the motion for summary judgment filed by Respondents [Doc. 60], which is directed at the original Petition, because the original Petition will be superseded by the Amended Petition, Respondents will have an opportunity to file a motion for summary judgment addressing all grounds in the Amended Petition, and it is in the interest of judicial economy for the Court to address all grounds in this case at one time.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the motion for summary judgment be FOUND AS MOOT.

IT IS SO RECOMMENDED.

                                            s/Jacquelyn D. Austin
                                            United States Magistrate Judge

July 23, 2014
Greenville, South Carolina