IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brad Keith Sigmon, # SK-6008 )<br> )<br> Petitioner, )<br> )<br>v. )<br> )<br>William R. Byars, Jr., )<br>Commissioner, South Carolina )<br>Department of Corrections; Joseph )<br>McFadden, Warden of Lieber )<br>Correctional Institution, )<br> )<br> Respondents. )<br> ) | Civil Action No.: 8:13-cv-1399-RBH<br><br><br>**ORDER** |

Petitioner Brad Keith Sigmon, # SK-6008, represented by counsel, filed this action petitioning for a stay of execution and requesting the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. *See* Mot., ECF No. 1; Pet., ECF No. 42. On December 10, 2013, Respondents responded by filing a motion for summary judgment and return and memorandum in support. *See* ECF Nos. 60–61. The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 126. In the Report and Recommendation, the Magistrate Judge recommends the Court find Respondents' motion for summary judgment is moot. *See id.* at 4.[1]

---

[1] Respondents filed their motion for summary judgment on December 10, 2013. Subsequently, on July 23, 2014, the Court granted Petitioner's motion to amend the Petition and directed Petitioner to file his amended petition by August 8, 2014. (ECF No. 123) No objections were filed to this order. In the present Report and Recommendation before the Court, the Magistrate Judge recommends the Court find that, due to the anticipated filing of the amended pleading, the motion for summary judgment should be denied as moot since it was directed at a superseded pleading. *See* ECF No. 126 at 2–3. The amended habeas petition was filed on August 8, 2014. (ECF NO. 131) Accordingly, it appears that the limitation period of 28 U.S.C. Section 2266(b)(1)(A) would start anew. Section 2266 (b)(1)(A) provides: "A district court shall render a final determination and enter a final judgment on any application for a writ of habeas corpus brought under this chapter in a capital case not later than 450 days after the date on which the application is filed, or 60 days after the date on which the case is submitted for decision, whichever is earlier." The parties previously agreed that the 60 day period

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Respondents' motion for summary judgment, ECF No. 60, is **FOUND AS MOOT**.

---

begins to run on the date that any reply to objections to a Report and Recommendation is filed or due, whichever is earlier. *See* Scheduling Order dated August 28, 2013 (ECF No. 50).

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
August 18, 2014